IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re : ) | Case No.: 4:25-cv-07366-JD-TER |
| ) | |
| Timothy Augustus Ward, ) | |
| ) | |
| Debtor, ) | |
| ) | **ORDER** |
| ) | |
| Michelle L. Vieira, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Timothy Augustus Ward, ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 3), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Debtor Timothy Augustus Ward's ("Debtor") dispositive Motion to Withdraw the Reference of his bankruptcy case and related adversary proceedings from the bankruptcy court.[1] (DE 1.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

A.   **Background**

The Report accurately sets forth the relevant factual background, procedural history, and applicable legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Debtor, proceeding *pro se*, filed a Motion seeking to withdraw the reference of his entire Chapter 7 bankruptcy case, as well as two associated adversary proceedings, from the United States Bankruptcy Court for the District of South Carolina. In support of withdrawal, Debtor raises various grievances concerning rulings issued by the bankruptcy court, actions taken by the Chapter 7 Trustee and a creditor, and allegations of misconduct by counsel and court personnel. The Bankruptcy Clerk noted that the Debtor failed to designate filings in compliance with Local Civil Rule 5011-1.

B.   **Report and Recommendation**

On August 4, 2025, the Magistrate Judge issued the Report recommending that Debtor's Motion to Withdraw the Reference be denied and that the bankruptcy case and adversary proceedings remain wholly with the bankruptcy court. (DE 3.)

The Magistrate Judge concluded that Debtor failed to satisfy the requirements for mandatory withdrawal under 28 U.S.C. § 157(d), as the Motion does not allege substantial and material consideration of non-bankruptcy federal law. The Report further concluded that discretionary withdrawal is not warranted because the proceedings are core bankruptcy matters, and the relevant factors—including judicial economy, uniform administration of the bankruptcy system, efficient use of resources, and prevention of forum shopping—strongly favor retaining the reference. The

Magistrate Judge also noted Debtor's extensive bankruptcy filing history and the bankruptcy court's superior familiarity with the underlying proceedings.

**C.    Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections and Subsequent Filing**

The Report advised the parties of their right to file specific written objections within the time provided by law. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

After issuance of the Report, Debtor filed a Motion to Recuse the presiding bankruptcy judge. (DE 6.) That motion concerns matters committed to the jurisdiction of the bankruptcy court and, according to the docket, has already been addressed in that forum. The Motion does not raise objections to the Report and does

not affect the Court's review of the recommendation concerning withdrawal of the reference. Accordingly, the Court declines to consider it.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review of the Report and the underlying record, the Court finds none.

**E.    Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 3) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Debtor's Motion to Withdraw the Reference (DE 1) is DENIED, and the reference of this matter to the bankruptcy court remains in effect. This civil action is hereby CLOSED.

**IT IS SO ORDERED**.

Florence, South Carolina
January 14, 2026

Joseph Dawson, III
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.